**sdfIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOGUEIRA, ADALTON RAIMUNDON,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | **NO. 26-2645** |
| | : | |
| **v.** | : | |
| | : | |
| **J. L. JAMISON, as *Warden, Federal Detention Center, et al.,*** | : | |
| *Respondents.* | : | |
| | : | |

## ORDER

**AND NOW**, this 28th day of April 2026, upon consideration of Petitioner Adalton Raimundo Nogueira's ("Mr. Nogueira" or "Petitioner"), *verified petition for writ of habeas corpus*, (the "Petition"), (ECF 1), and Respondents',[1] (collectively the "Government"), answer in opposition, (ECF 3), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition is **GRANTED**,[2] as follows:

---

[1]    Adalton Raimundo Nogueira ("Petitioner") named, as Respondents, the following individuals in their official capacities, *to wit*: Jamal L. Jamison, Warden of the Federal Detention Center in Philadelphia, Pennsylvania, (the "FDC"); John E. Rife, Acting Field Office Director, Immigration and Customs Enforcement, ("ICE"), Markwayne Mullin, Secretary of the United States Department of Homeland Security, ("DHS"), Todd Blanche, Acting United States Attorney General, DHS, and the Executive Office of Immigration Review, the United States Department of Homeland Security ("DHS"), and the Executive Office of Immigration Review.  (ECF 1).

[2]    The facts in this case are summarized as follows:  In February 2020, Petitioner, a citizen of Brazil, immigrated to the United States (ECF 1 at ¶ 17).  Upon his arrival, Petitioner was encountered by officers of DHS; was detained, processed, and released.  (*Id.* at ¶18).  Thereafter, Petitioner apparently established a life in Philadelphia, where he lived with his former wife and children, and worked as a tire installer.  (*Id.* at ¶¶ 18-19).  Petitioner submitted an asylum application, and his final immigration merits hearing is set for September 24, 2026.  (*Id.* at ¶ 20).

In its filing, the Government points to no criminal activity by or criminal charge against Petitioner since his arrival.  (*See generally* ECF 3).  Apparently, Petitioner has been gainfully employed since entry into the United States and has been helping to support his family. (ECF 1 at ¶ 19).

On April 20, 2026, Petitioner was apprehended and taken into custody by ICE agents as "collateral to [ICE's] intended arrest" while a passenger in a car with another person who ICE allegedly detained.  (*Id.* at ¶ 21).  In his *habeas* petition, Petitioner seeks relief in the form of, *inter alia*:, (1) an order preventing

Petitioner's removal from this jurisdiction; (2) a declaration that his continued detention violates the Immigration and Nationality Act, ("INA"), the Administrative Procedure Act, and/or the Due Process Clause of the Fifth Amendment of the United States Constitution; (3) the issuance of a writ of *habeas corpus* ordering Petitioner's immediate release from Government custody; (4) or, in the alternative, an order that the Government provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a).

Petitioner argues that because he was detained pursuant to 8 U.S.C. § 1225(b) his detention violates the INA because he has been in the United States for several years, has no criminal record and him is not subject to the mandatory detention provision of § 1225(b). Rather, DHS' authority to detain him, if any, arises under 8 U.S.C. § 1226(a), and his detention without a bond hearing runs afoul of 8 U.S.C. § 1226(a), (ECF 1 at ¶ 26). In its response, the Government reiterates the same argument that this Court and others in this District and throughout the country have addressed and rejected. (*See generally* ECF 3). The Government acknowledges that the courts in this district (and many more elsewhere) have reasoned that § 1225(b)(2)(A) requires that 'an applicant for admission' be actively seeking admission' at or near the border to fall within its scope." (*Id.* at p. 5) (quoting *Kashranov v. Jamison*, Civil Action No. 25-555, 2025 WL 3188399, at *6-7 (E.D. Pa. Nov. 14, 2025). Nonetheless, the Government argues that, because Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is "seeking admission" such that he is lawfully being detained pursuant to 8 U.S.C. § 1225(b)(2). (*See id.* at pp. 5-6). Consistent with its many rulings, this Court disagrees with the Government and finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, Civil Action No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). As such, Petitioner is entitled under the law to a bond hearing, and that his continued detention without such a hearing violates the INA.

Petitioner further argues that his detention violates his constitutional due process rights because it was imposed without process, a showing of changed circumstances, an opportunity for him to respond, and without a bond hearing. (ECF 1 at ¶¶ 32-35). The Government reiterates its argument that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration. (ECF 3 at p. 9. To determine whether Petitioner has been denied due process, the Court applies the *Mathews v. Eldrige* balancing test, 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities. Petitioner has, apparently lived in Philadelphia with family since entry and is not a flight risk. Finally, considering the Government's interest, the Court finds that the function and burden, if any exist, on the Government to provide Petitioner with due process do not come close to justifying the current intrusion on Petitioner's rights. On balance, in considering the *Mathews* factors, this Court finds that that the balance tips in favor of Petitioner and that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

Considering these statutory and due process violations, Petitioner also seeks his immediate release from custody. (ECF 1 at p. 14). Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that the law and justice require Petitioner's immediate release.

1.  The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2.  The Government shall not remove Petitioner from the Eastern District of Pennsylvania; and if it has, the Government shall immediately return him to the Philadelphia Federal Detention Center, whereupon, as detailed below, he is to be released from custody.

3.  Because Petitioner is in custody in violation of the laws and the Constitution of the United States, he is to be *immediately* released;

4.  The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him since the time his detention began on April 20, 2026; and

5.  The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on April 29, 2026.

The Clerk of Court shall mark this case **CLOSED** once certification is received.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

3